Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El recurso de certiorari de título procura obtener la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, mediante la cual se declaró no ha lugar una Moción de Sentencia Sumaria presentada por la demandada peticionaria, M. J. Consulting & Development, Inc.. Denegamos la expedición del auto de certiorari solicitado.
I
El 10 de marzo de 1994, la menor Marielis Vega García se encontraba de visita en el apartamento 114 del edificio 13 del Residencial José Gautier Benitez, sito en Caguas, Puerto Rico. Este apartamento es administrado por la corporación demandada, M.J. Consulting & Development, Inc., y está arrendado a Doña Cándida de Jesús Ayala, abuela materna de la menor demandante.
Durante esa visita la puerta de uno de los cuartos se cerro súbitamente y la mano izquierda de la menor quedó pillada entre el marco y la puerta ocasionándole daño a dicha menor.
Desde el 15 de febrero de 1993 al 3 de diciembre del mismo año la demandada comenzó una remodelación del referido Residencial. Para ello contrató a Enviro Ambiental Corp., que a su vez sub-contrató a Rosado Carpentry Inc., para que realizara determinadas labores relacionadas con la controversia que nos ocupa.
Surge del expediente ante nuestra consideración que como parte de los trabajos de remodelación, el *679 15 de abril de 1993 el Ing. Archilla aprobó una lista de herrajes sometida por el suplidor All Tools, Inc., a Enviromental [sic] Corporation en la cual se incluía los "stop and holder" para las puertas de los dormitorios de los apartamentos del Residencial Gautier Benitez. Así también, Surge que el señor Jorge Rivera Ramos, "Modernization Aide" de la demandada para la fecha en que se hizo la remodelación, hizo un recuento a manuscrito de las labores realizadas en el apartamento en cuestión. En el aludido documento dirigido al contratista, Enviro Ambiental Corp., al sub-contratista Rosado Carpentry, Inc., al suplidor, All Tools, Inc., a dos Supervisores de la Autoridad de Edificios Públicos, al Ing. Paradis de H.U.D., y a la gerente de MJ. Consulting & Development Inc., a cargo del proyecto del Residencial Gautier Benitez, se consigna lo siguiente:
“A.

B. El miércoles 7 de abril de 1993 se hizo la remoción de asbesto-cemento en el edificio #13 (Apt. #114). Esto incluye las puertas exteriores e interiores y en adición la tablilla de los closets.

C. Las puertas exteriores e interiores se les instaló un door Stop and holder. Este seguro de las puertas tiene un parachoque y un holder que engancha la puerta. De no ponerse el enganche la puerta queda libre para cerrarse con el viento. Se entiende que cada residente es responsable de dejar su puerta enganchada con el door stop & holder siempre y cuando no tuviera que cerrar la misma. Este door stop & holder se instala en la pared que da con la puerta."

De conformidad con el documento que antecede y de otros en el expediente, se desprende de que el apartamento donde ocurrió el accidente fue entregado completamente remodelado el 8 de noviembre de 1993. Transcurridos aproximadamente cuatro (4) meses, es decir el 10 de marzo de 1994, es que ocurre el accidente y cuatro (4) días después, el 14 de marzo, la señora Carmen J. García de Jesús, hija de Doña Cándida, acudió a las oficinas de Administración del Residencial y suscribió un informe de ocurrencia y al día siguiente hizo una solicitud formal para "door stoppers". Lo anterior pudiera implicar, entre otras, que Enviro Ambiental, Corp., nunca instaló los retenedores de las puertas o que si lo hizo, posterior a la entrega del apartamento a sus moradores, éstos fueron removidos.
El 30 de noviembre de 1995, Se presentó demanda por daños y perjuicios. Luego de varios incidentes procesales, la demandada presentó una solicitud para que se dispusiera del asunto por vía de sentencia sumaria. Alegó que no existía controversia de hechos y que no tenía obligación legal o contractual para instalar los "paragolpes" o retenedores de puertas.
Está claro que el manual de "Housing Quality Standards for Public Housing" en sus páginas 4-11 establece los requisitos para las puertas en los residenciales públicos de Puerto Rico. En dicho manual no aparece como un requisito para los administradores la instalación de retenedores o paragolpes de las puertas.
De otra parte, la demandante en su oposición a la solicitud de sentencia sumaria alega que desde muchísimo tiempo atrás, desde su construcción original, los apartamentos constaban con un Sistema de seguridad o "paragolpes" en todas las puertas y que la demandada al remodelar el residencial removió estos paragolpes de las puertas y no procedió luego a reinstalarlos hasta luego de ocurrir el accidente. Que la negligencia de la demandada al así actuar fue la causa próxima del accidente.
Oportunamente el Tribunal a quo evaluó las contenciones de las partes y declaró sin lugar la solicitud de sentencia sumaria. Avalamos tal dictamen.
II
La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, faculta a una parte a presentar una moción con el fin de que se dicte Sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. Soto v. Caribe Hilton, _ D.P.R. _ (1994), 94 J.T.S. 128.
*680 De otra parte, la Regla 36.3 del mismo cuerpo legal, autoriza al tribunal a dictar sentencia sumaria cuando no existe "controversia real sustancial en cuanto a ningún hecho material y... como cuestión de derecho debe dictarse sentencia a favor de la parte promovente". Rodríguez v. Secretario de Hacienda, _ D.P.R. _ (1994), 94 J.T.S. 20; Corp. Presiding Bishop C.J.C. of LDS v. Purcell, 117 D.P.R. 714 (1986); Tello v. Eastern Air Lines, 119 D.P.R. 83 (1987).
El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de los pleitos que no presentan controversias genuinas y sustanciales de hechos materiales, por lo que resulta innecesario la celebración del juicio plenario. Utilizado correctamente, es un vehículo procesal adecuado que contribuye a descongestionar los calendarios judiciales. Hurtado Latre v. Osuna y Frese, _ D.P.R. _ (1995), 95 J.T.S. 98; Pilot Insurance Company v. Crespo Martínez, _ D.P.R. _ (1994) 94 J.T.S. 104.
La sentencia sumaria procede únicamente en casos claros en ocasión del tribunal tener ante sí la verdad sobre todos los hechos pertinentes y no hace falta el juicio en su fondo. J.A.D.M. v. Centro Comercial Plaza Carolina, _ D.P.R. _ (1993), 93 J.T.S. 26. Si existen dudas sobre la procedencia de la moción, éstas deben ser resueltas en contra de la parte proponente de la misma. Bonilla Medina v. Partido Nuevo Progresista, _ D.P.R. _ (1996), 96 J.T.S. 33; Rivera Santana v. Superior Packing, Inc., _ D.P.R. _ (1992), 92 J.T.S. 165. La determinación de disponer de un litigio mediante este mecanismo es un asunto inminentemente discrecional del Tribunal de Instancia. Sólo en casos de abuso de tal discreción conferida es que habremos de intervenir. PFZ Properties v. General Accident Insurance Corp., _ D.P.R. _ (1994), 94 J.T.S. 116.
Al dictar sentencia sumaria, el tribunal deberá: (1) analizar los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos.
El tribunal deberá dictar sentencia sumaria cuando existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Properties, Inc. v. General Accident Insurance Company, supra.
A la luz de los preceptos que anteceden somos de opinión que no abusó de su discreción la Ilustrada Sala de Instancia al negarse a dictar la sentencia sumaria. Resulta conveniente tener un récord más claro y que disipe las controversias sobre hechos medulares.
Primeramente, determinar si verdaderamente los retenedores fueron instalados como acredita el señor Jorge Rivera Ramos o si éstos nunca fueron instalados por la demandada como alega la demandante. En la eventualidad de que hubiesen sido instalados, si ello constituyó una amenidad o si por razón de haberlos tenido desde la construcción original y de haber requerido su instalación surgió una obligación contractual para proveerlos.
Habida cuenta de la existencia de controversias sobre hechos esenciales, actuó correctamente el Tribunal al denegar la solicitud de sentencia sumaria.
Denegamos la expedición del auto de certiorari.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General